UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLY C.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:24-cv-05953-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 1. This matter has been fully briefed. *See* Dkts. 12, 16, 20.

After considering the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) did not err in finding Plaintiff not disabled. The Court accordingly **AFFIRMS** the Commissioner's final decision in this matter.

## I.   PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits (DIB) was denied initially and following reconsideration. AR 148–164. Plaintiff's requested hearing was held before the ALJ

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

on March 21, 2024. AR 119–47. On April 10, 2024, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 30–51. On September 16, 2024, the Appeals Council (AC) declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–7. On November 15, 2024, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 1. Defendant filed the sealed AR in this matter on January 15, 2025. Dkt. 5.

## II. BACKGROUND

Plaintiff was born in 1976 and was 45 years old on March 27, 2022, her alleged date of disability onset. *See* AR 33, 148. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of complex regional pain syndrome (CRPS), type one of the lower extremities; ankle instability; and obesity. AR 36. However, the ALJ found Plaintiff had the following Residual Functional Capacity (RFC):

> to perform less than the full range of light work as defined in 20 CFR 404.1567(b). The claimant can stand and/or walk for a total of four hours and sit for a total of six hours in an eight-hour workday. The claimant can occasionally balance on uneven terrain or surfaces, can occasionally crouch or crawl, can occasionally climb stairs or ramps and can occasionally climb ladders, ropes, or scaffolds. The claimant can never be exposed to unprotected heights or moving machinery parts.

AR 40. Based on the RFC, the ALJ found Plaintiff was not disabled during the relevant period from her onset date (March 27, 2022) through the date of the decision (April 10, 2024). AR 47.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685,

690 (9th Cir. 2009). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotations omitted).

After the ALJ's decision, Plaintiff submitted to the AC additional medical evidence. *See* AR 17–29, 52–118 (collectively, the new evidence).[1] "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Commissioner does not dispute the new evidence was considered by the AC and that it is part of the AR. *See* Dkt. 16.

The new evidence submitted to the AC contains notes from several medical appointments. Treatment notes from March 5, 2024, include a drug screen (AR 102–04), a treatment note indicating some continued pain and edema (AR 105, 108–09, 113–14), and a medication agreement (AR 106–07). The remaining notes were generated subsequent to the ALJ's decision (and thus fall outside the relevant period): a treatment note confirming a diagnosis of CRPS and finding spurs on May 6, 2024 (AR 22–29); a medication refill appointment on the same date with some abnormal physical examination findings (AR 77–95); a note establishing care at a pain management clinic on May 20, 2024, reviewing Plaintiff's medical history and finding mild edema in her feet and noting she uses a walker (AR 17); a

---

[1] The Appeals Council declined to grant review, finding that the evidence was unlikely to alter the outcome of the ALJ's decision. *See* AR 2. The Court lacks jurisdiction to review this determination. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Plaintiff discusses the standards under which the Appeals Council determines whether to review new evidence in her Opening Brief (Dkt. 12 at 4–5), but in her Reply Brief, she denies "argue[ing] that this Court had jurisdiction to review the Appeal's Council's choice not to review" the evidence (Dkt. 20 at 2). The Court does not consider whether the Appeals Council erred in choosing not to review her case, but, rather, as discussed, reviews the ALJ's decision for substantial evidence, considering the record as a whole, including the evidence submitted to the AC.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 3

presurgical clearance appointment on June 7, 2024 (AR 64–77); and results from a nasal swab and glucose testing (June 10 and 14, 2024, AR 57–61).

Plaintiff argues that (1) in light of the new evidence, the ALJ failed to adequately consider her subjective symptom testimony; (2) in light of the new evidence, the ALJ failed to properly consider the medical opinion of Jamie Nixon, PA-C; and (3) the new evidence shows she has symptoms consistent with CRPS. Dkt. 12.

**A.     Plaintiff's Subjective Symptom Testimony**

Plaintiff testified her feet swell after standing for long periods; that she has constant pain in her feet and ankles which periodically increases to unbearable levels; and that she can stand no more than 20 minutes and walk no more than 600 feet due to pain. *See* AR 128–29.

The ALJ can only reject Plaintiff's testimony regarding the severity of his symptoms by providing specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

The ALJ provided several reasons for rejecting Plaintiff's testimony. *See* AR 42–43. Plaintiff does not dispute that, in the absence of the new evidence, the ALJ's reasoning would have been a proper basis for rejecting her testimony; rather, she argues that the new evidence renders the ALJ's rationale unsupported by substantial evidence. *See* Dkt. 12 at 8–12. The Court finds the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony and that the new evidence does not undermine these reasons.

The ALJ discounted Plaintiff's testimony because the debilitating level of symptoms alleged by Plaintiff was inconsistent with the course of her CRPS: she had CRPS since "well before 2016;" she engaged in work up until 2020; she maintained the same medication dosage since 2019; and she left her work due to her company closing. AR 42–43 (citing AR 254, 357,

376, 419–21, 429, 431, 440, 498). Although Plaintiff's work activity occurred outside the relevant period, when combined with the ALJ's finding that her symptoms were at similar levels during the relevant period as when she engaged in substantially gainful work activity, the ALJ properly found such activity inconsistent with her allegations of debilitating symptoms. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (that claimant "stated . . . he left his job because he was laid off, rather than because he was injured" was a "sufficient reason[] for disregarding [his] pain testimony"); *cf. Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ may discount testimony where inconsistent with activities of daily living).

The new evidence does not undermine these findings. Although the new evidence does contain certain notes describing Plaintiff's medications and some of her appointments involved medication refills, none of these appointments involved modifications to her medication regime. *See* AR 65, 79–80, 89–90, 109. The prescriptions reflected in these notes include the same pain-related medications taken at the same doses as in 2019 and 2020. *See* AR 353 (November 2020 note describing same doses of medications Hydrocodone, Tramadol, Gabapentin, Methocarbamol, and Duloxetine as those reflected in May and June 2024 medication lists at AR 65 and 90–91); AR 498–500 (July 2019 medication management appointment listing same doses for all five aforementioned medications except increasing dosage of Gabapentin to same level as in AR 65 and AR 90–91); AR 17 ("She is currently taking Hydrocodone, Tramadol, Gabapentin, Methocarbamol, and Duloxetine for the pain.").[2]

---

[2] In her Reply Brief (Dkt. 20 at 2), Plaintiff cites to a treatment note where Plaintiff's Gabapentin dosage was increased and she was noted to have some worsening symptoms (AR 499–500), but this treatment note was from July 2019. The dosage prescribed there—two 300 milligram capsules taken three times each day—is the same dosage in the May and June 2024 medication lists (*see* AR 65, 90–91).

SOCIAL SECURITY DISABILITY APPEAL ORDER - 5

1    Second, the ALJ also found Plaintiff's course of treatment inconsistent with her
2 testimony: she received no surgeries, injections, or extended physical therapy during the relevant
3 period, and her medications, while "powerful," did not require increased dosages. AR 43 (citing
4 AR 419, 511, 524, 567–69).
5    As Plaintiff does not dispute, it was reasonable to view such a course of treatment as
6 inconsistent with the extent of Plaintiff's alleged symptoms. *Tomasetti v. Astrue*, 533 F.3d 1035,
7 1039–40 (9th Cir. 2008) (upholding ALJ determination which "inferred [claimant's] pain was
8 not as all-disabling as he reported in light of the fact that he did not seek an aggressive treatment
9 program" and instead "responded favorably to conservative treatment including physical therapy
10 and the use of anti-inflammatory medication"). This is a "sufficient" reason "to discount a
11 claimant's testimony." *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007).
12    The new evidence does not cast doubt upon this finding. Although Plaintiff was evaluated
13 for surgery (AR 64), this occurred in June 2024, nearly two months after the date of the ALJ's
14 decision. It was thus not probative as to Plaintiff's course of treatment during the relevant period.
15 Although one treatment note indicated Plaintiff had difficulties affording mental health
16 counseling and pain management (AR 109), this does not explain the lack of other forms of
17 intervention discussed by the ALJ nor the lack of medication increases at the pain management
18 appointments she did have.
19    In sum, the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's
20 testimony which were supported by substantial evidence, even when the new evidence is
21 considered. The Court need not consider the ALJ's remaining reasons for rejecting Plaintiff's
22 testimony as any error with respect to those reasons would be harmless. *Molina v. Astrue*, 674
23 F.3d 1104, 1115 (9th Cir. 2012) (An ALJ's error in discounting subjective testimony "is

harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'").

**B.     Medical Opinion of PA Nixon**

PA Nixon opined in July 2023 that Plaintiff could not sit more than 15 minutes at a time; stand for more than 15 minutes at a time; sit more than 4 hours in a workday; or stand or walk more than 2 hours in a workday. AR 492–94. She indicated this was possible only "with breaks." AR 492. She opined Plaintiff could not climb and could rarely twist, stoop, or crouch. AR 493. She opined Plaintiff would be absent 5 or more days per month from work as a result of her impairments. AR 564. She reaffirmed this opinion in February 2024. AR 565. In July 2023, she opined Plaintiff required a wheelchair. AR 496.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c).

The ALJ found PA Nixon's opinion unpersuasive for the following reasons:

> [H]er extreme exertional, postural, and assistive device opinions are unsupported as her treatment records do not document any abnormal gait, strength, sensation, or reflexes and only note occasions of bilateral lower extremity edema and tenderness and bilateral foot discoloration [AR 408–39, 506–60, 566–72]. Further, her extreme exertional, postural, and assistive device opinions are inconsistent with the evidence of record, including the opinion of Dr. Leinenbach. Similarly, her other opinions (such as breaks, being off task, and missing work) are also unsupported (her treatment records do not document significant and consistent medication side effects) and inconsistent with the evidence of record (such as the unchanged nature

of the claimant's treatment since 2019 and her demonstrated ability to work at substantial gainful activity levels in 2020 [AR 354, 408–39, 506–60, 566–72].

AR 45. As with her subjective testimony, Plaintiff argues that the ALJ's findings were invalid given the new evidence. Dkt. 12 at 7–8. The Court disagrees.

The ALJ's supportability finding was proper and supported by substantial evidence, notwithstanding the new evidence. Supportability requires the ALJ to consider how relevant the medical evidence and explanations "presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1). The ALJ reasonably concluded that the medical evidence—occasionally revealing mild edema, but not revealing abnormal gait, strength, or reflexes—did not support her opinion, which was otherwise without explanation. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal findings).

Plaintiff contends the new evidence calls this finding into question because, therein, PA Nixon sometimes noted gait problems, discoloration, and tenderness. Dkt. 12 at 8 (citing AR 64–69, 83–84, 109–10, 113–14). However, the new evidence involves appointments which occurred after PA Nixon's opinion was issued and reaffirmed. PA Nixon's opinion did not suggest she was forecasting Plaintiff's functioning; rather, she was basing her opinion on the medical evidence which existed at the time of the opinion. *See* AR 564. When the opinion was rendered, the new evidence had not been "presented by" PA Nixon. 20 C.F.R. § 404.1520c(c)(1). For this reason, the new evidence cannot provide further support for her opinion.

Moreover, only one note within the new evidence came from the relevant period; the remainder of the evidence is not probative as to Plaintiff's functioning during the relevant period.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 8

That single note from the relevant period describes some gait issues and finds tenderness (*see* AR 109, 113–14), but this single note is insufficient to support PA Nixon's opinion.

Similarly, the ALJ properly discounted the opinion because it was inconsistent with Plaintiff's work history and the unchanged level of treatment since she engaged in work. As discussed, the ALJ's determination that Plaintiff's symptoms had remained relatively unchanged since she worked in 2020 was supported by substantial evidence and was not undermined by the new evidence. To the extent PA Nixon opined Plaintiff required additional breaks or other modifications to the work environment, the ALJ reasonably found such an opinion inconsistent with Plaintiff's work history at similar symptomatic levels. *Cf. Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("A conflict between [an opinion] and a claimant's activity level is a specific and legitimate reason for rejecting the opinion.").

In sum, the ALJ gave proper reasons for finding PA Nixon's opinion unpersuasive and those reasons were supported by substantial evidence notwithstanding the new evidence. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *See Molina*, 674 F.3d at 1115; *Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm).

Plaintiff also contends the ALJ should have found PA Nixon's opinion more persuasive than the opinions he ultimately relied upon (those of consulting examiner Derek Leinenbach, MD, and two state agency consultants) because PA Nixon's opinion was issued later. Dkt. 12 at 7–8; *see also* AR 44.

The extent to which a medical opinion is consistent with later evidence is a proper consideration when two or more opinions are otherwise equally persuasive, but it is not a

SOCIAL SECURITY DISABILITY APPEAL ORDER - 9

consideration the ALJ must explicitly consider in determining the persuasiveness of the opinions. *See* 20 C.F.R. §§ 404.1520c(b)(2)–(3), 404.1520c(c)(5). Plaintiff has not successfully challenged the ALJ's findings that PA Nixon's opinion was less supported and less consistent with the evidence than other opinions of record, so she has not shown the ALJ erred in weighing the medical opinion evidence.

**C.      Plaintiff's CRPS**

Plaintiff also argues the new evidence established certain symptoms consistent with CRPS: "Chronic Pain, Discoloration, Edema, Temperature Changes, and Weakness." Dkt. 12 at 4–6. This does not establish error.

The ALJ found CRPS was a severe medically determinable impairment. AR 36. That Plaintiff had symptoms consistent with that impairment does not necessarily show she was more limited than the ALJ found in his RFC assessment. As discussed, the new evidence contains only one treatment note which is probative as to Plaintiff's functioning during the relevant period, and that single treatment note does little to undermine the ALJ's assessment of the medical evidence during the two-year relevant period.

The ALJ properly weighed the medical opinion evidence and reasonably relied upon the opinions of Dr. Leinenbach and the state agency consultants in formulating the RFC. *See* AR 44. The ALJ did not err in discounting Plaintiff's subjective symptom testimony. The RFC was therefore supported by substantial evidence and adequately captured limitations arising from Plaintiff's CRPS.

//

//

//

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 11th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge